UNITED STATES COURT OF APPEALS
**Filed 1/7/97**
FOR THE TENTH CIRCUIT

WYNELLE M. SCHEERER,

      Plaintiff-Appellant,

v.

THE CITY OF OKLAHOMA CITY,
and Six Unknown Oklahoma City
Police Officers,

      Defendants-Appellees.

No. 96-6178
(D.C. No. CIV-95-260-A)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Wynelle M. Scheerer appeals from the entry of judgment in favor of defendant City of Oklahoma City following a jury trial on her claim of false arrest. Plaintiff brought this civil rights/state tort suit alleging that city police officers unlawfully arrested (and searched) her on groundless trespass and battery charges.[1] She also alleged that, in the course of the arrest, officers assaulted and battered her in such a wanton manner as to constitute the intentional infliction of emotional distress and entitle her to punitive damages. Prior to trial, the district court granted partial summary judgment for the city, dismissing plaintiff's constitutional claims for lack of a chargeable city policy or custom, see Jenkins v. Wood, 81 F.3d 988, 993-94 (10th Cir. 1996), and most of her tort claims as barred by the scope-of-employment requirement of the Governmental Tort Claims Act (GTCA), see Okla. Stat. tit. 51, § 153(A).[2] The jury found for the city on the remaining claim of false arrest.

Appellate review is limited to those issues properly preserved in the district court and adequately presented on appeal. See Berna v. Chater, 101 F.3d 631, 632 (10th Cir. 1996). As the city points out, plaintiff has failed to provide this

---

[1] Plaintiff's resulting conviction was later overturned on procedural grounds, and further efforts at prosecution have evidently not been undertaken.

[2] Under the GTCA, a city is liable for "the torts of its employees acting within the scope of their employment." Okla. Stat. tit. 51, § 153(A). "'Scope of employment' means performance by an employee acting in good faith within the duties of his office or employment or of tasks lawfully assigned . . . ." Id. § 152(9).

-2-

court with a transcript of the trial proceedings in this case. Consequently, any potential assignments of error relating to the district court's evidentiary rulings, the charge to the jury, and the sufficiency of the evidence supporting the verdict are beyond the scope of meaningful appellate review.[3] See, e.g., King v. Unocal Corp., 58 F.3d 586, 587-88 (10th Cir. 1995); United States v. Vasquez, 985 F.2d 491, 495 (10th Cir. 1993). We are left, then, to consider the partial summary judgment dismissing most of plaintiff's claims prior to trial. Upon de novo review, see Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996), we affirm that determination for substantially the reasons stated by the district court.

Plaintiff raises three meritless arguments in support of her constitutional claims against the city. First, she contends that the officers' own conduct establishes the underlying city policy/custom to which it allegedly adhered. This patently circular contention is contrary to well-established law. Only those officials having final policymaking authority can create city policy through

---

[3] For example, plaintiff complains of an instruction requested by the city which stated that a false arrest necessarily entails bad faith, thereby taking the action outside the scope of the arresting officers' employment and absolving the city of respondeat superior liability under §§ 152(9) and 153(A) of the GTCA. While we agree this is a misstatement of the law, see Overall v. State ex rel. Dep't of Public Safety, 910 P.2d 1087, 1090-91 (Okla. Ct. App. 1995), without a trial transcript we do not know whether the proffered instruction was, in fact, accepted and read to the jury. Indeed, the set of instructions provided in plaintiff's Appendix of Exhibits does not include the offending instruction and properly sets out the pertinent law governing false arrest and the GTCA.

unilateral action, see, e.g., David v. City & County of Denver, No. 94-1263, 1996

WL 692078, at *13 (10th Cir. Dec. 3, 1996); Randle v. City of Aurora, 69 F.3d

441, 448 (10th Cir. 1995), and city custom may be inferred only from "persistent

and widespread" practices, Lankford v. City of Hobart, 73 F.3d 283, 286 (10th

Cir. 1996)(quoting Starrett v. Wadley, 876 F.2d 808, 814 (10th Cir. 1989)).

Neither of these conditions is met by even a facial showing of competent evidence

in our record. Second, plaintiff complains that the officers were not punished for

their alleged misconduct here, indicating official sanction of their actions.

However, the absence of discipline for the incident under review does not, in

itself, create a triable issue of city liability. See Lewis v. Sacramento County, 98

F.3d 434, 447 (9th Cir. 1996). Third, plaintiff objects that she had been denied

discovery of materials pertinent to city liability. This objection lacks the support

of any specific, substantive challenge to the legal basis--noncompliance with

established deadlines--for the district court's refusal to compel discovery from the

city.

As for the city's tort liability, the district court properly applied the

applicable provisions of the GTCA. The complaint and plaintiff's excerpted

deposition consistently reflect claims of assault, battery, and intentional infliction

of emotional distress based on allegedly willful, wanton, malicious, and/or

reckless conduct by city officers. Such conduct falls outside the scope of the

officers' employment, precluding respondeat superior liability on the part of the city under §§ 152(9) and 153(A).  See McMullen v. City of Del City, 920 P.2d 528, 529-31 (Okla. Ct. App. 1996); see also Holman ex rel. Holman v. Wheeler, 677 P.2d 645, 646-48 (Okla. 1983); Houston v. Reich, 932 F.2d 883, 885, 889-90 (10th Cir. 1991).

Finally, we note that plaintiff has attempted to supplement the record on appeal with materials which were not before the district court when it made the rulings under review.  We have not considered these improperly submitted materials.  See Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1549 n.1 (10th Cir. 1992); see also Aero-Medical, Inc. v. United States, 23 F.3d 328, 329 n.2 (10th Cir. 1994).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge