Anthony LEDING, Appellant,

v.

**PITTSBURG COUNTY DISTRICT COURT, Appellee,**

and

**Carl Albert Community Mental Health Center and Eric Broadway, Additional Appellees.**

No. 86452.

Court of Appeals of Oklahoma, Division No. 4.

Sept. 3, 1996.

Certiorari Denied Nov. 5, 1996.

Anthony Leding, Poteau, Pro Se.

Penny Broughton McCracken, Department of Mental Health and Substance Abuse Services, Oklahoma City, for Appellees.

REIF, Judge.

The primary issue presented is whether the trial court properly dismissed Mr. Leding's suit against Carl Albert Community Mental Health Center and one of its psychiatrists, Dr. Eric Broadway. Mr. Leding's "Complaint" alleges that Carl Albert Community Mental Health Center and Dr. Broadway committed various wrongs in their evaluation and treatment of him in connection with a mental health proceeding. Mr. Leding's "Complaint" states that he "represents the People of the United Nations in the Office of the President of Presidents" and that Carl Albert Community Mental Health Center and Dr. Broadway prevented him from performing his "official responsibilities." His chief complaint concerns the defendants' interference with a 70-day fast which he described as "imperiling his own life to rescue and save the lives of others." The primary goal of this fast was to protect U.S. soldiers in Somalia and he contends that the defendants' interruption of the fast

caused the death of eighteen U.S. soldiers in Somalia.

The motion to dismiss and brief filed by Carl Albert Community Mental Health Center sought dismissal on grounds of improper service and failure to state a claim for relief by reason of noncompliance with the Governmental Tort Claims Act, 51 O.S.1991 and Supp.1995 §§ 151 through 172 and § 200. Dr. Broadway's motion to dismiss asserted that Mr. Leding had failed to state a cause of action for malpractice and intentional infliction of emotional distress.

Mr. Leding's "Complaint" acknowledges that Carl Albert Community Mental Health Center is "a facility organized and existing under the laws of the State of Oklahoma" and that Eric Broadway is a physician at Carl Albert Community Mental Health Center. The brief in support of the motion to dismiss by Carl Albert Community Mental Health Center specifically identifies the Center as an institution operated under the supervision of the Department of Mental Health and Substance Abuse Services pursuant to 43A O.S.Supp.1995 § 3–101 and 43A O.S.1991 § 3–102. In view of these undisputed facts, this court issued an order for Mr. Leding to show cause why the dismissals should not be summarily affirmed by reason of his noncompliance with the Governmental Tort Claims Act.

In response, Mr. Leding alleges that "This Court has brought up the 'governmental tort claims act' and presented it on its own," disregarding the fact that this was specifically raised in the motion to dismiss of Carl Albert Community Mental Health Center. Mr. Leding's response also contends that the Act should not apply to Dr. Broadway because he did not raise it. He further asserts that the Act itself should not apply in general, because he has alleged that both defendants (1) acted willfully and wantonly, (2) acted outside the scope of their employment, and (3) committed wrongs that were not "'independent' of contract."

Prior to the 1984 amendment of the Act, a plaintiff was excused from complying with the notice provisions of the Governmental Tort Claims Act, if the plaintiff's well-pleaded petition alleged willful and wanton conduct that placed an employee outside the scope of his employment. *See Holman v. Wheeler,* 677 P.2d 645, 647–48 (Okla.1983). However, "[i]n 1984, the Legislature amended § 153 [of the Act] adding a new subsection specifically stating that liability under the Act is *exclusive.*" *Gurley v. Memorial Hospital of Guymon,* 770 P.2d 573, 576 (Okla.1989) (emphasis added) (footnote omitted). The 1984 amendment, now codified as 51 O.S.1991 § 153(B), states: "The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise."

*Gurley* held that the waiver of immunity that results from the purchase of insurance "does not abrogate the necessity to provide notice pursuant to the Act." *Id.* at 574 (footnote omitted). The court interpreted the exclusive liability of the Act as providing "*a single procedural regime* with a single gauge of liability *for all claims* pressed against the government." *Id.* at 576 (emphasis added) (footnote omitted). In so holding, the court stated:

> The Political Subdivision Tort Claims Act narrowly structures the method for bringing a tort claim against a political subdivision. The Act requires that the plaintiff give notice and commence an action within the prescribed statutory time limits. Compliance with notice of claim provisions has been interpreted to be either a condition precedent to suit against a political subdivision, or a jurisdictional prerequisite to judicial intervention.

*Id.* (footnote omitted).

■ We hold that the statutory policy of exclusive liability and the rationale of *Gurley* require compliance with the notice and prescribed statutory time constraints even in cases where the plaintiff seeks to pierce the shield of immunity by allegations of willful and wanton conduct. It is doubtful that the legislature intended to leave the protection of governmental agencies and employees under the Act to the pleading option of the plaintiff/claimant. Compliance with the notice provision of the Act, even in cases where the plaintiff/claimant alleges willful and wanton

conduct, preserves the protection of governmental employees under the Act, until the governing authority can review, investigate and pass on the claim.

■ As stated in *Lasiter v. City of Moore,* 802 P.2d 1292, 1293 (Okla.Ct.App.1990), "[t]he notice and 180–day filing provisions found in § 157 are essential to the establishment of a right to a cause of action under the Act." *Lasiter* also holds that "[i]f there is a failure of compliance ... an action would fail to state a claim upon which relief can be granted, 12 O.S.1981 § 2012(B)(6)." *Id.* "These notice and filing provisions are a creation of statutory law and '[create] a right previously unknown to both the common as well as the statutory law' [and constitute] a condition precedent and an essential element of any right to a cause of action against [a state governmental entity]." *Id.* (citations omitted). Failure of compliance *extinguishes* the right to sue *both* the governmental entity *and* its employees. Stated another way, if an action fails as to a governmental entity for noncompliance, it likewise fails as to the entity's employees. In the instant case, Mr. Leding's non-compliance is fatal to this action as concerns both Carl Albert Community Mental Health Center and Dr. Broadway.

■ Lastly, Mr. Leding's "Complaint" sounds in tort and alleges wrongs independent of contract, contrary to the assertion in his response to the show cause order. That is, he complains about the breach of duties that are not based on a contract between himself and Carl Albert Community Mental Health Center and Dr. Broadway. The legal relationship between Mr. Leding and the defendants was based upon court process that was issued in connection with a proceeding to adjudicate Mr. Leding's mental health and need for treatment. Accordingly, any claim Mr. Leding may have against Carl Albert Community Mental Health Center and Dr. Broadway is governed by the Governmental Tort Claims Act.

In view of the failure of Mr. Leding's "Complaint" to show compliance with the Governmental Tort Claims Act, and Mr. Leding's failure to show compliance in response to the opportunity to show cause extended by this court, the dismissal orders of the trial court are affirmed.

AFFIRMED.

RAPP, C.J., and TAYLOR, P.J., concur.