Robert L. WIRTZ, Jr., Appellant,

v.

Stanley GLANZ and the Board of County Commissioners of Tulsa County, Oklahoma, Appellees.

No. 87564.

Court of Appeals of Oklahoma, Division No. 4.

Oct. 15, 1996.

Rehearing Denied Dec. 24, 1996.

Robert L. Wirtz, Jr., Hot Sulphur Springs, Colorado, Appellant Pro Se.

Gordon W. Edwards, Assistant District Attorney, Tulsa, for Appellees.

### MEMORANDUM OPINION

REIF, Judge.

This appeal arises from a suit filed by prisoner Robert L. Wirtz, Jr., seeking $107,-000 in actual and punitive damages from the sheriff of Tulsa County for not providing "daily outdoor exercise, in violation of the 8th. Amendment to the U.S. Constitution." Prisoner contended that he was "the victim of cruel and unusual punishment and ... suffered great detriment upon his person, both physical and mental" by not having daily outdoor exercise from June 16, 1995, through the filing of suit on August 23, 1995. The petition alleges that the sheriff acted "knowingly," with "wanton neglect," and committed "nonfeasance [that] demonstrates a wanton or reckless disregard for plaintiff's 8th. Amendment right." The petition states that prisoner proceeds "under the protection of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 ... pursuant to Article 2 ss 6 of the Oklahoma Constitution, Title 23 O.S. ss 3, 4, 6 and 61 and Title 12 O.S. ss 661." The Board of County Commissioners of Tulsa County entered a special appearance and filed a motion to dismiss for prisoner's failure to comply with the Governmental Tort Claims Act, 51 O.S.1991 and Supp.1995 §§ 151 through 172 and § 200. The trial court granted the motion to dismiss and prisoner appeals.

Prisoner's petition in error seeks reversal on grounds that the trial court erred (1) in granting the County's motion to dismiss, because the County was a non-party that did not properly intervene, and (2) in denying prisoner's request for a "preliminary hearing" on various motions, including his motion to strike the County's motion to dismiss and his motion for appointment of counsel. For the reasons that follow, we hold that (1) the County properly contested the liability of its "employee" sheriff without intervention for the "wrong" pled by prisoner, and (2) the trial court did not abuse its discretion under District Court Rule 4(h), 12 O.S.Supp.1995, ch. 2, app., by considering and deciding all of the pending motions without a "preliminary hearing."

Prisoner's invocation of the "protection" of *Haines v. Kerner* does not imbue his pleading with any special merit or quality beyond the facts and issues stated therein. Under *Haines v. Kerner*, courts are merely required to liberally construe pleadings filed by pro se litigants in determining whether they state a claim. In the instant case, however, neither the trial court nor this court was required to render a liberal construction of prisoner's petition to determine whether it stated a claim. Prisoner expressly stated that he proceeded pursuant to, and sought relief under, *state* constitutional and statutory law for an alleged constitutional deprivation. The issue was *not* whether he stated a claim. The issue was whether the claim that he stated was within the ambit of the Governmental Tort Claims Act. In deciding this issue, neither the trial court nor this court is required to read anything into the petition that was not stated there, such as a statutory cause of action under federal law. If prisoner had desired such relief he could have asked for it with the same specificity with which he sought redress under state law, or could have filed an amended petition in response to the motion to dismiss. He did neither and is bound by his pleading.

The plain language of prisoner's petition reveals that he seeks relief under state law for "a legal wrong, independent of contract, involving violation of a duty imposed by general law ... resulting in a loss ... as the proximate result of an act or omission of a political subdivision ... or an employee acting within the scope of employment." 51 O.S.Supp.1995 § 152(11). In such cases,

"[t]he state, only to the extent and in the manner provided in [the Act] waives its immunity and that of its political subdivisions." 51 O.S.1991 § 152.1(B). "The liability of the state or political subdivision under [the Act] shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise." 51 O.S.1991 § 153(B).

The Act specifies that "[a]ny person having a claim against the state or a political subdivision within the scope of [the Act] shall present a claim to the state or political subdivision for any appropriate relief including the award of· money damages." 51 O.S.Supp. 1995 § 156(A). "A person may not initiate a suit against the state or a political subdivision unless the claim has been denied [and] [n]o action for any cause arising under [the Act] shall be maintained unless valid notice has been given." 51 O.S.Supp.1995 § 157(A) and (B). "In no instance shall an ˙employee of the state or political subdivisioń acting within the scope of his employment be named as defendant." 51 O.S.1991 § 163(C). Under the Act, the state or political subdivision is required to "[p]rovide a defense for any employee ... when liability is sought for any violation of ... any rights, privileges or immunities secured by the Constitution ... when alleged to have been committed by the employee while acting within the scope of employment." 51 O.S.Supp.1995 § 162(A)(1).

In view of the foregoing, the County properly entered a special appearance in this case and raised prisoner's noncompliance with the Act on behalf of the sheriff. Additionally, the trial court properly granted the County's motion to dismiss for prisoner's noncompliance with the Act, even though the petition alleges that the sheriff's deprivation of daily outdoor exercise was done "knowingly" and was "wanton."

Bare allegations of willful and wanton conduct no longer excuse compliance with the notice and commencement requirements of the Act. Prior the 1984 amendment of the Act, a plaintiff was excused from complying with the notice provisions of the Governmental Tort Claims Act, if the plaintiff's well-pled petition alleged willful and wanton conduct that placed an employee outside the scope of his employment. *See Holman v. Wheeler,* 677 P.2d 645 (Okla.1983). However, "[i]n 1984, the Legislature amended § 153 [of the Act] adding a new subsection specifically stating that liability under the Act is *exclusive.*" *Gurley v. Memorial Hospital of Guymon,* 770 P.2d 573, 576 (Okla.1989) (emphasis added) (footnote omitted). The 1984 amendment is now codified as 51 O.S.1991 § 153(B).

*Gurley* held that the waiver of immunity that results from the purchase of insurance "does not abrogate the necessity to provide notice pursuant to the Act." *Id.* at 574 (footnote omitted). The court interpreted the exclusive liability of the Act as providing "*a single procedural regime* with a single gauge of liability *for all claims* pressed against the government." *Id.* at 576 (emphasis added) (footnote omitted). In so holding, the court stated:

The Political Subdivision Tort Claims Act narrowly structures the method for bringing a tort claim against a political subdivision. The Act requires that the plaintiff give notice and commence an action within the prescribed statutory time limits. Compliance with the notice of claim provisions has been interpreted to be either a condition precedent to suit against a political subdivision, or a jurisdictional prerequisite to judicial intervention.

*Id.* (footnotes omitted).

■ We hold that the statutory policy of exclusive liability and the rationale of *Gurley* require compliance with the notice and prescribed statutory time constraints even in cases where the plaintiff seeks to pierce the shield of immunity by allegations of willful and wanton conduct. It is doubtful that the legislature intended to leave the protection of governmental agencies and employees under the Act to the pleading option of the plaintiff/claimant. Compliance with the notice provision of the Act, even in cases where the plaintiff/claimant alleges willful and wanton conduct, preserves the protection of governmental employees under the Act, until the governing authority can review, investigate and pass on the claim.

As stated in *Lasiter v. City of Moore,* 802 P.2d 1292, 1293 (Okla.Ct.App.1990), "[t]he no-

tice and 180–day filing provisions found in § 157 are essential to the establishment of a right to a cause of action under the Act." *Lasiter* also holds that "[i]f there is a failure of compliance ... an action would fail to state a claim upon which relief can be granted, 12 O.S.1981 § 2012(B)(6)." *Id.* "These notice and filing provisions are a creation of statutory law and 'creates a right previously unknown to both the common as well as the statutory law' [and constitute] a condition precedent and an essential element of any right to a cause of action against [a state governmental entity]." *Id.* (citations omitted). Failure of compliance *extinguishes* the right to sue *both* the governmental entity *and* its employees.

The motion to dismiss was properly sustained under settled law and the record "actually presented" and, therefore, is affirmed.

AFFIRMED.

RAPP, C.J., and TAYLOR, P.J., concur.