2003 OK 2

Dr. Robert J. PELLEGRINO, Dr. Kimberly C. Pellegrino, Plaintiffs,

v.

The STATE of Oklahoma, ex rel. CAMERON UNIVERSITY, ex rel. The BOARD OF REGENTS OF the STATE of Oklahoma, Dr. T.K. Bhattacharya, Defendants.

No. 97,223.

Supreme Court of Oklahoma.

Jan. 21, 2003.

George S. Freedman, Lee, Freedman & Wells, Oklahoma City, OK, for Plaintiffs.

Joseph Harroz, Jr., Jill Fisher, Norman, OK, for Defendants.

SUMMERS, J.

¶ 1 The Honorable David L. Russell of the United States District Court for the Western District of Oklahoma certified to this Court the following question: "Whether the notice requirements of the Oklahoma Governmental Tort Claims Act apply to tort claims alleged against a state employee arising out of on-the-job conduct beyond the scope of his employment?" We answer in the negative.

¶ 2 Drs. Robert and Kimberly Pellegrino brought suit against the defendants arising out of their former employment at Cameron University. The Pellegrinos alleged in their complaints that defendant Dr. Bhattacharya acted outside the scope of his employment by tortiously interfering with their employment contracts. Dr. Bhattacharya was the Business Department Chair when these acts allegedly occurred. We need not detail the alleged facts since they are not necessary in deciding the question of law as presented to us by the Federal Court.

¶ 3 Dr. Bhattacharya moved for a dismissal of the tortious interference claims against him. The basis for the dismissal was that the Pellegrinos did not comply with the notice provisions of the Oklahoma Governmental Tort Claims Act. The Pellegrinos responded with an argument that the notice provisions do not apply. The Federal court ruled that the Pellegrinos' tort claims against Dr. Bhattacharya in his official capacity should be dismissed for lack of notice, but claims against him in his individual capacity should not be so dismissed. Upon a motion for reconsideration of that ruling Judge Russell certified the question to this Court.

¶ 4 The Governmental Tort Claims Act, GTCA, (51 O.S.2001 §§ 151 et seq.), makes a distinction between a government employee acting within the scope of employment and one who was not. *Martin v. Johnson*, 1998 OK 127, ¶ 28, 975 P.2d 889, 895; *Carswell v. Oklahoma State University*, 1999 OK 102, ¶ 20, 995 P.2d 1118, 1123. An act of the employee is not in the scope of employment if the employee acted maliciously or in bad faith. *Id., citing, Nail v. City of Henryetta*, 1996 OK 12, ¶ 7, 911 P.2d 914, 916. A government employee acting within the scope of employment is relieved from private (individual) liability for tortious conduct, but when an employee acts outside the scope of employment the political subdivision is relieved from liability. *Martin v. Johnson*, 1998 OK 127, at ¶ 28, 975 P.2d at 895. The concept of scope of employment is thus tied to whether the employee or the government entity may be liable for a particular act.[1]

¶ 5 An individual's "official capacity" usually refers to a person's status as a representative of an entity where that representation is legally recognized. *Braswell v. U.S.*, 487 U.S. 99, 107–108, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988); *Black's Law Dictionary*, 1236 (4th ed.1951), (defining "official"). The phrases "individual capacity" or "personal capacity" are usually used to distinguish "separately and personally" from joint or official action. *Black's Law Dictionary*, 914 (4th ed.1951), (defining "individually"). A suit against a governmental officer in his or her "official capacity" is the same as a suit against the entity that the officer represents, and is an attempt to impose liability upon that entity. *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785, n. 2, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997).

¶ 6 We view a tort claim brought against an employee in his or her official capacity as an attempt to impose liability upon the governmental entity, and thus the claim must be based upon the employee having acted within the scope of his or her employment. Of course, designating an employee in his or official capacity as a named defendant for this type of claim is improper since: "In no instance shall an employee of the state or the political subdivision acting within the scope of his employment be named as a defendant" except certain resident physicians and interns. 51 O.S.2001 § 163(C). *See Parker v. City of Midwest City*, 1993 OK 29, n. 1, 850 P.2d 1065, 1066. A suit against an employee in his or her official capacity, as a suit against the governmental entity, must be based upon the claimant presenting written notice of a claim within one year of the date the loss occurs, or the claim is forever barred. *Hathaway v. State ex rel. Medical Research & Technical Authority*, 2002 OK 53, ¶ 8, 49 P.3d 740, 742, *citing*, 51 O.S.2001, § 156(B). *See also, Minie v. Hudson*, 1997 OK 26, 934 P.2d 1082, 1086. The fact that no such notice was given here is the basis for the Federal Court's dismissal of the claim against the Defendant doctor in his **official** capacity.

¶ 7 Must a claim brought against the employee in his **individual** capacity also be based upon a written notice of claim within the statutory period? We answer in the negative. A claim alleging that an employee injured the plaintiff while acting outside the scope of his or her employment, an individual capacity claim, need not be based upon compliance with the notice requirements of the Governmental Tort Claims Act, as we now explain.

¶ 8 We turn first to the GTCA itself to see what it requires.

§ 156. Presentation of claim—Limitation of actions—Filing—Notice—Wrongful death

A. Any person having **a claim against the state or a political subdivision** within the scope of Section 151 et seq. of this title shall present a claim to the state or political subdivision for any appropriate relief including the award of money damages.

---

1. A particular circumstance may involve an employee acting within the scope of employment for some acts and outside the scope for others. *See DeCorte v. Robinson*, 1998 OK 87, ¶¶ 13–14, 969 P.2d 358, 362, (jury verdict against city and its employee was not necessarily inconsistent when the jury could have determined that some of the challenged acts were within a scope of employment and others not).

B. **Claims against the state or a political subdivision** are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs.

51 O.S.2001 § 156, (emphasis added).

We further look to the GTCA for definitions of "claim," "State," and "political subdivision" to determine the identity of those subject to § 156.

3. **"Claim"** means any written demand presented by a claimant or the claimant's authorized representative in accordance with this act to **recover money from the state or political subdivision** as compensation for an act or omission of a political subdivision or the state or an employee;

. . .

8. **"Political subdivision"** means:

    a.  a municipality,

    b.  a school district,

    c.  a county,

    d.  a public trust where the sole beneficiary or beneficiaries are a city, town, school district or county. . . .

10. **"State"** means the **State of Oklahoma or any office, department, agency, authority, commission, board, institution, hospital, college, university, public trust** created pursuant to Title 60 of the Oklahoma Statutes of which the State of Oklahoma is the beneficiary, or other instrumentality thereof; . . .

51 O.S.2001 § 152(3), (8), (10), (emphasis added).

The statute for providing notice, § 156, speaks of claims against the "state" and a "political subdivision." A claim against an employee in the employee's personal or individual capacity does not fall within the definition of "claim," "State," or "political subdivision" found in § 152.

¶ 9 The statute for instituting suit also speaks of claims against the state or political subdivision.

§ 157. Denial of claim—Notice

A. A person may not initiate a **suit against the state or a political subdivi-**sion unless the claim has been denied in whole or in part. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period. . . .

B. No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section. The claimant and the state or political subdivision may agree in writing to extend the time to commence an action for the purpose of continuing to attempt settlement of the claim except no such extension shall be for longer than two (2) years from the date of the loss.

51 O.S.2001 § 157, (emphasis added).

We conclude that the language of the statutes governing notice do not on their face require their compliance for a claim brought against an employee in the employee's individual or personal capacity. This conclusion is consistent with our opinions on claims against the State or a political subdivision.

¶ 10 In *Holman v. Wheeler*, 1983 OK 72, 677 P.2d 645, we construed the former Political Subdivision Tort Claims Act, (51 O.S.1981 §§ 151 et seq.). We explained that allegations of the employee's willful and wanton acts "place appellee [defendant/employee] outside the scope of his employment," and that "the trial court erred in holding that appellants' tort claims was within the purview of the Tort Claims Act." *Id.* 677 P.2d at 647–648. Our analysis in *Holman* is consistent with our opinion construing the GTCA in *Sholer v. State ex rel. Dept. of Public Safety*, 1995 OK 150, 945 P.2d 469.

¶ 11 In *Sholer* we were asked to determine if the notice provisions of the GTCA applied to an action brought to recover statutorily unauthorized fees collected by the Department of Public Safety (DPS). The DPS argued that an exemption from tort liability, i.e., sovereign immunity, applied to a claim based upon the defenses of either the State's immunity in collection of fees imposed by law

or the State's immunity in the exercise of its licensing powers. We said that sovereign immunity was not implicated, and that the plaintiffs' action did not "fall within the GTCA definition of a tort claim." *Sholer*, 945 P.2d at 472. When explaining the definition of a tort claim we said that:

> The GTCA also defines "tort" as a legal wrong, independent of contract, involving violation of a duty imposed by general law or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or **an employee acting within the scope of employment.**

*Sholer v. State ex rel. Dept. of Public Safety,* 945 P.2d at 472, (emphasis added).

We explained that because the plaintiffs did not bring a tort claim, but one for a refund of amounts overpaid, they were not seeking to impose tort liability against the State, and plaintiffs "were not required to comply with the claims procedure provided in the Act." *Id.* 945 P.2d at 472–473. In other words, (1) a "tort claim" under the GTCA is defined as one where the employee was acting within the scope of employment, and (2) if a claim is not a "tort claim" under the GTCA then the claims procedure of the GTCA need not be followed prior to commencing a legal action. A similar result occurred in *Duncan v. City of Nichols Hills,* 1996 OK 16, 913 P.2d 1303, where we said that the notice provisions of the GTCA did not apply to an employment discrimination claim brought pursuant to 25 O.S.1991 § 1101 *et seq.* In other words, the GTCA procedure applies to a "tort claim" as such is defined by the GTCA.

¶ 12 Defendants rely upon certain opinions published by Division IV of the Oklahoma Court of Appeals. In *Leding v. Pittsburg County District Court,* 1996 OK CIV APP 107, 928 P.2d 957, the court relied upon the following statutory language:

> The liability of the State or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise.

*Leding,* 928 P.2d at 958, *quoting,* 51 O.S.1991 § 153(B).

The appellate court focused on the word "exclusive", and noted that the governmental agency would investigate and "pass on the claim." *Id.* 928 P.2d at 958–959. That court further stated that: "It is doubtful that the legislature intended to leave the protection of governmental agencies and employees under the Act to the pleading option of the plaintiff/claimant." *Id.* 928 P.2d at 958. The court held that the notice and time constraints for filing claims applies "even in cases where the plaintiff seeks to pierce the shield of immunity by allegations of willful and wanton conduct." *Id.*

¶ 13 Division No. IV repeated its conclusion in *Wirtz v. Glanz,* 1996 OK CIV APP 125, 932 P.2d 540. In this opinion the court explained that when a waiver of immunity occurs because of the purchase of insurance the claimant must still comply with the notice provisions of the GTCA. *Wirtz,* 932 P.2d at 542, *citing, Gurley v. Memorial Hospital of Guymon,* 1989 OK 34, 770 P.2d 573. The court quoted § 153(B) as it did in *Leding.* The court held that the "rationale of Gurley" and the "statutory policy of exclusive liability" required claimants to comply with the notice provisions of the GTCA even when they are seeking to "pierce the shield of immunity by allegations of willful and wanton conduct." *Wirtz,* 932 P.2d at 542.

¶ 14 A panel of Division No. 1 of the Court of Civil Appeals disagreed. In *Hardy v. Bezdicek,* 1999 OK CIV App 77, 987 P.2d 426, that court stated that for § 153(B) to be construed as in *Wirtz* (and as in *Leding* ), would necessarily mean that in many cases no compensation could be recovered from an employee acting maliciously, fraudulently, or otherwise outside the scope of employment. *Hardy,* 987 P.2d at 429. That court further noted that the literal language of the GTCA "does not provide for proceeding under the Act to allow the political subdivision to investigate the claim, as suggested by *Wirtz.*" *Id.* The court concluded that the notice provisions of the GTCA did not apply to an action based upon an employee having acted outside of the scope of employment. *Id.* 987 P.2d at 430.

¶ 15 We agree with the conclusion in *Hardy* that the GTCA requirements for notice to government entities does not apply to an action brought against an employee in his or her individual capacity, and we disapprove of the conclusion to the contrary in both *Leding* and *Wirtz*. The often quoted part of § 153 states that:

> The liability of the State or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise.

51 O.S.2001 § 153(B).

*Wirtz* emphasized that the liability of the State is **exclusive** and in place of **all** other **liability of the employee**. However, section 153(A) states, in part, that: "The state or a political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment." 51 O.S.2001 § 153(A).

[7–9] ¶ 16 The GTCA defines a "tort" as those within an employee's scope of employment:

> "Tort" means a legal wrong, independent of contract, involving violation of a duty imposed by general law or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment.

51 O.S.2001 § 152(11).

Generally, different statutes on the same subject are generally to be viewed as in *pari materia* and must be construed as a harmonious whole. *Taylor v. State Farm Fire and Cas. Co.*, 1999 OK 44, ¶ 19, 981 P.2d 1253, 1261. Specifically, an individual statute of the GTCA is viewed as one part of a whole statutory scheme with all individual statutes of the GTCA construed as consistent parts of the whole. *Anderson v. Eichner*, 1994 OK 136, 890 P.2d 1329, 1337–1338. The GTCA, as a whole, is concerned with liability of the State and governmental entities, not individuals acting outside the scope of their employment.

¶ 17 We have said that the notice provisions contained in the GTCA are to protect **governmental** interests by promoting prompt investigation, repair of dangerous conditions, speedy settlement of meritorious claims, and to give the governmental entity time to meet possible fiscal liabilities.

> The notice provisions contained in the Act are intended to further protect municipal interests by promoting prompt investigation, providing the opportunity to repair any dangerous condition and for speedy and amicable settlement of meritorious claims, and to prepare to meet possible fiscal liabilities.

*Duncan v. City of Nichols Hills,* 1996 OK 16, 913 P.2d 1303, 1307.

The notice provisions are designed to assist governmental interests, and not the interest of an employee acting outside the scope of his or her employment.

¶ 18 We have no convincing argument or authority before us showing any governmental interest in requiring compliance with the procedural requirements of the GTCA as a prerequisite for a plaintiff to prosecute an action alleging that a state employee injured someone while acting outside the scope of his or her employment. We hold that the procedural requirements of the Oklahoma Governmental Tort Claims Act for presenting claims to governmental entities do not apply to tort claims against a governmental employee when plaintiff's claim is based upon allegations that the employee's acts were outside the scope of his or her employment. The Certified Question is answered.

¶ 19 WATT, C.J., OPALA, V.C.J., HODGES, LAVENDER, BOUDREAU, WINCHESTER, JJ., Concur.

¶ 20 HARGRAVE, J., Dissents.

¶ 21 KAUGER, J., Not participating.