Dear Senator Monson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Who has authority and control over management information systems within county government?
¶ 1 A threshold question is what is meant by "management information systems" ("MIS"). This phrase does not appear in statutes on county government. Although the phrase is used elsewhere in statutes pertaining to other entities,[1] it is defined only in the administrative rules for the Oklahoma Accountancy Act, which provides:
 "Management information system (MIS)" means a computer or manual system, or a group of systems, within an organization that is responsible for collecting and processing data to ensure that all levels of management have the information needed to plan, organize, and control the operations of the organization and to meet both internal and external reporting requirements.
OAC 10:15-1-2 (2003). This is similar to a definition appearing in The Portable MBA Desk Reference, which is "[a] formal, usually computerized, means of supplying managers with the information needed to make decisions." Nitin Nohria, The Portable MBA Desk Reference: an Essential Business Companion 243 (N. Nohria ed., J. Wiley Sons, 2d ed. 1998). Thus, the phrase connotes management of information and its availability to persons with need or responsibility for such information, rather than the mere purchasing, operation or management of computer hardware or data processing equipment.
¶ 2 A response to your question requires analysis of statutes on ownership, operation and management of county computers and electronic data systems, including Sections 376-378 within Title 19 relating to data processing for county government purposes. Sections 376 and 377 provide as follows:
 376. Electronic data processing equipment authorized — Manner of handling
 A. Until January 1, 1983, the board of county commissioners of any county in the State of Oklahoma may acquire electronic data processing equipment by purchase, lease or transfer, and may provide for the operation, maintenance, repair and utilization of such electronic data processing equipment as shall be necessary to conduct the county's business, or may enter into a contract for computer services with a capable data processing company, to provide systems designs and analysis for all county officials.
 The board of county commissioners shall determine the most effective manner of handling the county's data processing needs, either by outright purchase or lease of equipment or entering into a contract for computer services, and shall offer data processing advisory service to all county elected officials.
 B. Beginning January 1, 1983, each county purchasing agent may acquire electronic data processing equipment by purchase, lease or transfer, and may provide for the operation, maintenance, repair and utilization of such electronic data processing equipment as shall be necessary to conduct the county's business, or may enter into a contract for computer services with a capable data processing company, to provide systems designs and analysis for all county officials upon approval of the board of county commissioners.
 The county purchasing agent shall determine the most effective manner of handling the county's data processing needs, either by outright purchase or lease of equipment or entering into a contract for computer services, and shall offer data processing advisory service to all county elected officials.
Id.
 § 377. Technician
 The board of county commissioners of any county may employ a competent data processing technician, who shall perform the duties of data processing management as prescribed and directed by the board of county commissioners, and such data processing technician shall not be employed beyond the term of office of the board of county commissioners employing him. The said data processing technician shall receive as compensation a salary to be fixed by the board of county commissioners for his services, to be paid out of the general operating fund of the county. The compensations of the director and such personnel shall not be governed by the "Comprehensive Salary Code".
 The data processing technician shall be covered by the county blanket bond.
Id.
¶ 3 We need not discuss Section 378 since it relates to contracts between counties and public trusts for data processing services, and is not germane to your question.
¶ 4 The position of county purchasing agent, referred to in Section 376(B) above, is created by 19 O.S. 2001, § 1500[19-1500], which provides, in pertinent part:
 § 1500. County purchasing agent — Appointment — Training — Duties and responsibilities — Salary — Office space and equipment
 A. The county clerk of each county or an employee of that office so designated by the county clerk shall be the county purchasing agent. Provided, in counties having a county budget board created pursuant to Sections 1402 et seq. of Title 19 of the Oklahoma Statutes, said board may, upon an affirmative vote of a majority of all the board members then in office, appoint a county purchasing agent. In the event the board does not appoint a county purchasing agent the county clerk or an employee of that office so designated by the county clerk shall be the county purchasing agent. The county purchasing agent shall be under the general supervision and direction of the appointing authority.
Id. (emphasis added).
¶ 5 When a county has adopted the County Budget Act, 19 O.S. 2001, §§ 1400-1421[19-1400-1421], the county purchasing agent referred to in Section 1500 is appointed by the county budget board. Id. § 1500(A). The board of county commissioners, as governing body of the county, must vote to come under the County Budget Act. Id.
§ 1403. The county budget board "consist[s] of each elected county officer," and thus would include three elected county commissioners, the county clerk, the assessor, the treasurer, the court clerk and the sheriff. Id. § 1407. Obviously, the county commissioners, voting together, do not constitute a majority of this board.
¶ 6 The primary function of the county budget board is to prepare a yearly county budget, "subject to final approval of the county excise board." 19 O.S. 2001, §§ 1408[19-1408], 1413(C). The county purchasing agent is responsible for, among other things, making all purchases paid from county funds, executing lease-purchase agreements and various service contracts, (19 O.S. Supp. 2003, § 1501[19-1501](A)), and "perform[ing] such other duties as may be delegated by the appointing authority or as may be provided for by law." Id. § 1501(A)(6). Management of county information systems is not mentioned in Section 1501.
¶ 7 A potential conflict arises since Section 376(B) provides the county purchasing agent shall acquire the county's electronic data processing equipment, and "shall determine the most effective manner of handling the county's data processing needs, either by outright purchase or lease of equipment or entering into a contract for computer services, and shall offer data processing advisory service to all county elected officials," while Section 377 provides that the board of county commissioners may employ a data processing technician "who shall perform the duties of data processing management as prescribed and directed by the board of county commissioners." Id. Does the county purchasing agent, under the direction of the county budget board, have primary responsibility for the management of county information systems, or is it the data processing technician or other persons under supervision of the board of county commissioners?
¶ 8 Section 376(A) of Title 19, by its terms, was originally effective only until January 1, 1983.[2] See 1970 Okla. Sess. Laws ch. 301, § 1. Currently, the provisions of Section 376(B) apply. See 1982 Okla. Sess. Laws ch. 249, § 8(B). Significantly, when Section 376(B) was enacted Section 377 was left unchanged, providing the data processing technician employed by the county commissioners "shall perform the duties of data processing management." Id. In construing statutes, it is presumed the Legislature was aware of other existing statutes on the same subject matter, and such statutes are to be viewed asin pari materia, to be construed as a harmonious whole.Pellegrino v. State ex rel. Cameron Univ., 63 P.3d 535, 540
(Okla. 2003). Repeal of a statute by implication is disfavored; enactment of one statute will not repeal another, unless the Legislature does so by express terms. Mustain v. Grand River DamAuth., 68 P.3d 991, 999 (Okla. 2003).
¶ 9 Section 376(B) of Title 19 was added as Section 8 of H.B. 1578 of the 38th Legislature, which in 1982 was dealing with a widespread county commissioners' purchasing scandal.[3]
1982 Okla. Sess. Laws ch. 249, § 8. The title of the bill began with the phrase "an act relating to county purchasing procedures," and the word "purchase" or "purchasing" appears ten times in the bill's title while there is no reference in the title to management of data processing. 1982 Okla. Sess. Laws ch. 249. Section 1 of H.B. 1578 provided that a county budget board (in counties under the County Budget Act) might appoint a county purchasing agent. Id. § 1(A). It is proper in construing a statute to consider the history of the times when the act was passed to discover the policy or intent of the Legislature as disclosed by its course of legislation. McNeill v. City ofTulsa, 953 P.2d 329, 332 (Okla. 1998); Atlantic Refining Co.v. Okla. Tax Comm'n, 360 P.2d 826, 830-31 (Okla. 1959) (citations omitted). We conclude the overall intent of the Legislature in adopting H.B. 1578, of which the present Section 376(B) of Title 19 is a part, was to enact changes in the purchasing policies and procedures of counties and county commissioners in response to perceived purchasing abuses. It does not appear the Legislature had any particular intent to legislate in the area of management of data processing or information retrieval, only in the purchasing of data processing equipment.
¶ 10 Insofar as reasonably possible, different and apparently contradictory parts of statutes must be read to reconcile the relevant provisions and give intelligent effect to each. Uptonv. State ex rel. Dep't of Corr., 9 P.3d 84, 86-87 (Okla. 2000);Sharp v. Tulsa County Election Bd., 890 P.2d 836, 840 (Okla. 1994). "Statutes must be read to render every part operative and to avoid rendering [any part] superfluous or useless." Comer v.Preferred Risk Mut. Ins. Co., 991 P.2d 1006, 1014 n. 35 (Okla. 1999); see World Pub. Co. v. Miller, 32 P.3d 829, 832 (Okla. 2001).
¶ 11 A coherent and harmonious construction of Sections 376 and 377 is possible if one considers the underlying functions of the county budget board and the county purchasing agent. The purpose of the County Budget Act is to assist counties in the budgetary process and aid them in responsible financial planning and accounting. 19 O.S. 2001, § 1402[19-1402]. Nowhere in the County Budget Act did the Legislature authorize or direct the county budget board to undertake management of the county's information services. See id. §§ 1401-1421. Only in Sections 376(B) and 1500(A) of Title 19 did the Legislature grant a county budget board, through appointment of a county purchasing agent, authority to become involved in county data processing functions.
¶ 12 The role of the county purchasing agent, first and foremost, is to make purchases and enter into contracts for the acquisition of goods and services for the county. 19 O.S. Supp.2003, § 1501[19-1501](A). "Other duties" are not expressly enumerated.Id. § 1501(A)(6). If the Legislature had intended for the county purchasing agent to be the county's primary information manager, or for the county budget board to be responsible for information management services, it could have said so in the statutes prescribing the duties of the budget board and the purchasing manager, or it could have repealed Section 377, the statute calling for the county commissioners to employ a technician to "perform the duties of data processing management," but it did neither. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." Ethics Comm'n v. Keating, 958 P.2d 1250,1256 (Okla. 1998); City of Duncan v. Bingham, 394 P.2d 456,460 (Okla. 1964).
¶ 13 The conclusion that the county purchasing agent is abuyer of computer equipment for the county, rather than aninformation manager, is strengthened by the language of Section 376(B), since it says such agent "shall determine the most effective manner of handling the county's data processing needs,either by outright purchase or lease of equipment or enteringinto a contract for computer services, and shall offer dataprocessing advisory service to all county elected officials."Id. (emphasis added). By the terms of the statute, the purchasing agent shall aid the county in acquiring data processing equipment, by either outright purchase, lease or contracting for services. Nowhere is it specified that the county purchasing agent shall be responsible for the flow or availability of information from data processing equipment to county officials with need for such information. See 19 O.S.2001, §§ 1401-1421[19-1401-1421]. At most, the county purchasing agent is anadvisor to other county officials on computer or data processing needs related to data processing equipment, as contrasted with information management.
¶ 14 We conclude the apparent contradictions within Sections 366 and 367 can be reconciled and effect given to each provision, if the role of the purchasing agent is viewed as a buyer for the county. The purchasing agent, as appointee of the county budget board, is responsible for buying computers and related materials and equipment, but is not responsible for management of theinformation that flows through the computers and data management equipment. That function is left to the computer technician hired by the county commissioners under Section 377. To construe the statutes otherwise would not only negate the effect of Section 377, but would lead to an unreasonable or absurd result by placing duties on the budget board and the purchasing agent outside the scope contemplated by the pertinent statutes. Construing statutes to avoid unreasonable or unforeseen consequences is an important goal of statutory construction. Coxv. Dawson, 911 P.2d 272, 281 (Okla. 1996).
¶ 15 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The computer-related management information systems of a county electing to operate within the County Budget Act, 19 O.S. 2001, §§ 1401-1421[19-1401-1421] are under the authority and control of the Board of County Commissioners, not the County Budget Board. The purchasing agent, appointed by and answerable to the county budget board, has the duty of purchasing the necessary computers and data processing equipment, and providing related advisory services to county officials. 19 O.S. 2001, §§ 366-367[19-366-367].
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 LYNN C. ROGERS Assistant Attorney General
[1] See, e.g., 10 O.S. 2001, § 7004-1.2[10-7004-1.2](A) (for programs and services related to children, youth and families); 10 O.S.2001, § 7302-3.8[10-7302-3.8](A) (for programs and services of the Department of Juvenile Justice related to children, youth and families); 20 O.S. Supp. 2003, § 1315.3[20-1315.3] (management of court information systems); 27A O.S. 2001, § 1-1-202[27A-1-1-202](E) (information within the Department of Environmental Quality); 59 O.S.Supp. 2003, § 15.8[59-15.8](D) (qualification of licensed accountants);62 O.S. 2001, § 41.3[62-41.3] (financial information within the Office of State Finance).
[2] In Attorney General Opinion 72-162, the Attorney General concluded that the authority to provide for the operation, maintenance, repair and utilization of county electronic data processing equipment, and to determine the most effective manner of handling the county's data processing needs, was exclusively vested in the board of county commissioners. Id. at 110. This Opinion preceded the 1982 amendments to Section 376 of Title 19, and the adoption of the County Budget Act by the Legislature. While Opinion 72-162 did not specifically discuss interpretation of Section 377 of Title 19, we believe its logic is still sound. Only if the Legislature clearly intended to remove control of county data management and information flow (as contrasted with the purchase or acquisition of data processing equipment) from the county commissioners and make it the responsibility of the county purchasing agent, would Opinion 72-162 be superseded. As discussed later in this Opinion, the legislative intent to move control of information management away from the county commissioners has not been plainly expressed.
[3] For a partial description of the commissioners' scandal involving one county, see State ex rel. Board of CountyCommissioners. v. Shelton, 727 P.2d 103, 104 (Okla.Ct.App. 1986).