Dear Ms. Savage:
This office has received your letter requesting an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Is a trust formed in Oklahoma and structured as a Real Estate Investment Trust ("REIT") for federal income tax purposes required by statute to make a filing with the Secretary of State as a condition of its organization?
 2. Is a foreign REIT required to qualify under Oklahoma law before doing business in this State? If so, under what statute does it file?
 3. Is the Secretary of State required to accept an application for registration as a foreign limited liability company from a foreign REIT doing business in Oklahoma?
 4. If the foreign REIT is not a limited liability company under the laws of the jurisdiction of its formation, how does the REIT comply with 18 O.S. 2001, § 2043[18-2043](2), which requires "an original certificate from the certifying officer of the jurisdiction of the foreign limited liability company's organization attesting to the foreign limited liability company's organization under the laws of such jurisdiction"?
Your questions can be reduced to basically two inquiries. First, is a Real Estate Investment Trust ("REIT") formed in Oklahoma for federal income tax purposes required by statute to make a filing with the Secretary of State as a condition of its organization? Second, is a foreign REIT required to qualify under Oklahoma law before doing business in this State?
To answer your questions, it is necessary to first understand what a REIT is. *Page 2 
 I. REAL ESTATE INVESTMENT TRUSTS ("REITS") ARE ENTITIES FORMED UNDER THE INTERNAL REVENUE CODE TO RECEIVE SPECIAL INCOME TAX TREATMENT.
A REIT is a type of entity recognized under the Internal Revenue Code for special income tax treatment. 26 U.S.C. § 856(a)(3) (West, Westlaw through 2007). Although called a "trust," a REIT may actually be formed as a "corporation, trust, or association." Id. § 856(a); see also26 C.F.R. § 1.856-1(a) (West, Westlaw through 2007) (using the same language to describe a REIT). The formal requirements to be a REIT include that the REIT, "(but for the provisions of this part) would be taxable as a domestic corporation[.]" 26 U.S.C. § 856(a)(3). In addition, the "corporation, trust, or association" must elect to be treated as a REIT. Id. § 856(c), (c)(1).[1] *Page 3 
Prior to 1975, REITs could not be corporations; they could only be organized as an unincorporated trust or unincorporated association. H.R. REP. NO. 94-658, at 367 (1976), reprinted in 1976 U.S.C.C.A.N. 2897, 3264.[2] However, the Tax Reform Act of 1976 amended *Page 4 
this provision to allow a REIT to form as a corporation because of difficulties some REITs encountered under some state laws. Id.
Other states have also looked at the requirements for REITs to do business in their states. For example, a question similar to the one you asked was posed to the Alabama Attorney General, who addressed whether a foreign REIT could transact business in that state and under what conditions. 246 Ala. Op. Att'y Gen. 25 (1997), 1997 WL 1053997 ** 2, 4 (West Westlaw). Alabama requires a REIT to comply with the Alabama Real Estate Investment Trust Act to do business in that state. Id. at * 2. Even so, according to the Alabama opinion, a REIT "organized as a foreign corporation must first obtain authority to transact business under the Alabama Business Corporation Act." Id. at * 4.
Louisiana faced the similar question of whether a REIT domiciled in Nevada, but owning real property in Louisiana, was a trust or corporation under Louisiana law. Bridges v. Autozone Prop., 900 So.2d 784, 809 (La. 2005) (holding that state had jurisdiction to tax dividend income received by shareholder, but REIT was not a trust under state law). While Louisiana has certain "requirements that REITS must meet in order to do business in [that] state. . . . [The company's] status as a corporation remains intact and is not converted to a trust simply by its business operations in Louisiana." Id. at 800. Thus, both Alabama and Louisiana differentiated between a REIT formed as a "trust" and one formed as a "corporation." Unlike Alabama and Louisiana, Oklahoma does not have a separate statute relating specifically to the requirements for a REIT to do business in the State. However, similar to those states, how the REIT is formed is essential for determining whether a REIT must register with the Secretary of State to do business in Oklahoma.
 II. REITS FORMED AS CORPORATIONS, EITHER DOMESTIC OR FOREIGN, MUST REGISTER WITH THE SECRETARY OF STATE.
The scope of the Oklahoma General Corporation Act is spelled out in Section 1002 of Title 18. This section states:
 A. The provisions of the Oklahoma General Corporation Act shall be applicable to every corporation, whether [for] profit or not for profit, stock or nonstock, existing as of the effective date of this act or thereafter formed or qualified to transact business in this state, and to all securities thereof, except to the extent that:
 1. any such corporation is expressly excluded from the operation of the Oklahoma General Corporation Act or portions thereof; or *Page 5 
 2. special provisions concerning any such corporation conflict with the provisions of the Oklahoma General Corporation Act, in which case such special provisions shall govern.
Id. (footnote omitted) (emphasis added). Section 1005 of this Title provides that a corporation is formed "by filing with the Secretary of State a certificate of incorporation." Id. § 1005(A). Thus, unless an incorporated REIT is "expressly excluded" from this Act, it must register with the Secretary of State.
A search of the Oklahoma statutes reveals several places where REITs are mentioned. Section 1055 of Title 18, contained within the Oklahoma General Corporation Act, states that:
 D. Any restriction on the transfer or the registration of transfer of the securities of a corporation, or on the amount of securities of a corporation that may be owned by a person or group of persons, shall be conclusively presumed to be for a reasonable purpose for any of the following purposes:
 1. Maintaining any local, state, federal or foreign tax advantage to the corporation or its shareholders, including without limitation:
 . . . .
 c. qualifying or maintaining the qualification of the corporation as a real estate investment trust
pursuant to the United States Internal Revenue Code or regulations adopted pursuant to the United States Internal Revenue Code[.]
Id. (emphasis added). Section 175.401 of Title 60, under the Oklahoma Uniform Principal and Income Act, dealing with the Character of Receipts, states that:
 A. In this section, "entity" means a corporation, partnership, limited liability company, regulated investment company, real estate investment trust, common trust fund, or any other organization in which a trustee has an interest other than a trust or estate to which Section 11 of this act[3] applies, a business or activity to which Section 12 of this act[4] *Page 6 
applies, or an asset-backed security to which Section 24 of this act[5] applies.
Id. (emphasis added). Exemptions to the Mortgage Broker Licensure Act also include "[a]ny person authorized to do business under the laws of this state or the United States regulating . . . real estate investmenttrusts as defined in 26 U.S.C., Section 856 and the affiliates, subsidiaries, and service corporations thereof[.]" 59 O.S.Supp. 2007, § 2083[59-2083](1) (emphasis added). Finally, the Tax Code's definition of "taxable income" includes "real estate investment trust taxable income." 68 O.S.Supp. 2007, § 2353[68-2353](10) (emphasis added).
Although REITs are mentioned in several statutes, Oklahoma does not have a specific act dealing with the formation of a REIT and whether or not it is required to register to do business in Oklahoma solely because it is a REIT. Therefore, since REITs are not "expressly excluded" under the General Corporation Act, a corporation formed as a REIT under the laws of Oklahoma must register with the Secretary of State.
Foreign corporations are also required to register with the Secretary of State. The relevant Oklahoma statute states, in pertinent part:
 A. As used in the Oklahoma General Corporation Act, the words "foreign corporation" mean a corporation organized pursuant to the laws of any jurisdiction other than this state.
 B. No foreign corporation shall do any business in this state, through or by branch offices, agents or representatives located in this state, until it shall have paid to the Secretary of State of this state the fees prescribed in Section 142 of this title and shall have filed with the Secretary of State[.]
18 O.S. 2001, § 1130[18-1130](A)-(B) (emphasis added). Thus, an incorporated REIT, whether domestic or foreign, is required to register with the Secretary of State.
 III. REITS FORMED AS LIMITED LIABILITY COMPANIES, EITHER DOMESTIC OR FOREIGN, MUST REGISTER WITH THE SECRETARY OF STATE. *Page 7 
A domestic Limited Liability Company ("LLC") is defined in the Oklahoma Limited Liability Company Act as "an entity that is an unincorporatedassociation or proprietorship having one or more members that is organized and existing under the laws of this state[.]" 18 O.S. 2001, § 2001[18-2001](11) (emphasis added). A limited liability company is formed "[w]hen the articles of organization become effective." 18 O.S.Supp. 2007, § 2004[18-2004](B)(1). "Filing of the articles by the Office of the Secretary of State is conclusive evidence of the formation of the limited liability company." Id. § 2004(B)(2) (emphasis added). Furthermore, this Act requires a "signed copy of the articles of organization . . . shallbe delivered to the Secretary of State." Id. § 2007(A) (emphasis added). Thus, like a domestic corporation, a domestic LLC must register with the Oklahoma Secretary of State to do business in Oklahoma.
Similarly, a foreign LLC is also required to register to do business in Oklahoma. "Before transacting business in this state, a foreign limited liability company shall register with the Office of the Secretary of State." 18 O.S. 2001, § 2043[18-2043] (emphasis added). Therefore, a foreign REIT formed as an LLC must also register with the Oklahoma Secretary of State.
At the center of your concerns is the issue of whether all foreign unincorporated REITs would fall under the definition of a foreign LLC and thus require registration in Oklahoma. A foreign LLC is defined as:
 [A]n entity that is:
 a. an unincorporated association,
 b. organized under the laws of a state other than the laws of this state or organized under the laws of any foreign country,
 c. organized under a statute pursuant to which an association may be formed that affords to each of its members limited liability with respect to the liabilities of the entity, and
 d. not required to be registered or organized under any statute of this state other than this act[.]
18 O.S. 2001, § 2001[18-2001](9) (emphasis added). This statute uses the conjunctive "and" which denotes that all parts must be present for the foreign entity to be covered under this statute. See State ex rel.Caldwell v. Hooker, 98 P. 964, 971 (Okla. 1908) ("[The conjunctive and disjunctive particle] are not treated as interchangeable, and should be followed when their accurate reading does not render their sense dubious."); see also Nineteenth Seed Co. v. Townsend, 394 P.2d 531, 533
(Okla. 1964) ("The two qualifications set forth in the statute . . . are in the conjunctive; hence the qualification imposed by each must exist in all cases."). Therefore, a foreign LLC must meet all four requirements of the statute to be required to register with the Oklahoma Secretary of State. *Page 8 
 IV. REITS FORMED AS TRUSTS ARE NOT REQUIRED TO REGISTER WITH THE SECRETARY OF STATE.
The final question, then, is whether a REIT that is formed as an unincorporated trust, as opposed to a corporation or an LLC, must also register with the Oklahoma Secretary of State. A search of Oklahoma law finds no general statutes requiring trusts to register with the Secretary of State, except for public trusts and charitable trusts. See 60 O.S.Supp. 2007, § 180.2[60-180.2](d) ("Prior to the delivery of and payment for any bonds, notes or other evidences of indebtedness by a public trust, there shall be filed with the Secretary of State an executed original or certified copy of the written instrument or will creating such public trust."); 63 O.S.Supp. 2007, § 3250.3[63-3250.3](E) ("A certified copy of the public trust agreement must be filed with the Secretary of State. . . ."); 18 O.S.Supp. 2007, § 552.3[18-552.3](A) ("No charitable organization . . . shall solicit or accept contributions from any person in this state by any means whatsoever until the charitable organization shall have registered with the Office of the Secretary of State. . . ."); 18 O.S. 2001, § 589[18-589] ("such society shall obtain a charter as a charitable corporation in the manner provided by law from the Secretary of State").
Some confusion may exist, however, based on the inclusion of entities that are "unincorporated associations" within the definition of an LLC in the Oklahoma Limited Liability Company Act, both for domestic and foreign LLCs. See 18 O.S. 2001, § 2001[18-2001](9), (11). As noted previously, the definition of a domestic "limited liability company" is "an entity that is an unincorporated association or proprietorship having one or more members that is organized and existing under the laws of this state[.]" 18 O.S. 2001, § 2001[18-2001](11) (emphasis added). A broad reading of this would seem to indicate that any unincorporated associations, including trusts, would be considered LLCs for the purpose of this statute. However, this interpretation would mean that all unincorporated associations would be "limited liability companies" and the rest of the Limited Liability Company Act would be unnecessary. "We do not deem the legislature to have created an absurdity or to have done a vain and useless act." Johnson v. City of Woodward, 38 P.3d 218, 225
(Okla. 2001).
The rules of statutory construction, other sections of the Oklahoma Limited Liability Company Act, the related Oklahoma General Corporation Act, and the Oklahoma Revised Uniform Limited Partnership Act, all shed light on what types of "unincorporated associations" are included within the Limited Liability Company Act. "Generally, different statutes on the same subject are generally to be viewed as in pari materia and must be construed as a harmonious whole." Pellegrino v. State ex rel. CameronUniv., 63 P.3d 535, 540 (Okla. 2003).
Section 2054.1 of Title 18 defines a "business entity" in relation to conversion to an LLC as "a domestic corporation, partnership, whether general or limited, business trust, common law trust, or otherunincorporated association." Id. § 2054.1(A) (emphasis added). Thus, for purposes of becoming an LLC, "unincorporated associations" include both business and *Page 9 
common law trusts. However, under Section 1090.4 of the Oklahoma General Corporation Act, relating to conversion of a domestic business entity to a domestic corporation, a "business entity" is defined as "a domestic partnership, whether general or limited, limited liability company, business trust, common law trust, or other unincorporated association."Id. § 1090.4(A) (emphasis added). This indicates that other types of unincorporated associations exist other than a limited liability company, otherwise there would be no reason to include both.
 If the general words are given their full and natural meaning, that is, the meaning they would receive in the abstract, they would include the objects designated by the specific words, making the latter superfluous. If, on the other hand, the series of specific words is given its full and natural meaning, the general words are redundant in part.
White v. Wint, 638 P.2d 1109, 1114 (Okla. 1982) (quoting 2A NORMAN J. SINGER, SUTHERLAND STATUTES STATUTORY CONSTRUCTION § 47.17, at 103-04 (4th ed. Sands 1973)). *Page 10 
This interpretation is also supported by the definition of "business entity" in the Limited Partnership Act as it relates to conversion to a limited partnership. This statute defines "business entity" as "a domestic corporation, general partnership, limited liability company, business trust, common law trust, or other unincorporated association." 54 O.S.Supp. 2007, § 310.2[54-310.2](A) (emphasis added). Again, this definition indicates that other types of unincorporated associations exist other than LLCs.
Finally, in looking at the statute specifying how an LLC is formed, it is clear that an LLC takes some kind of voluntary, proactive action. Section 2004 of Title 18 states that "[o]ne or more persons may form a limited liability company upon the filing of executed articles of organization with the Office of the Secretary of State." Id. § 2004(A) (emphasis added). The use of the term "may" as opposed to "shall" indicates that this formation is permissive, rather than required. "[T]he statute is permissive in character because the definitive word chosen by the legislature is `may' instead of `shall.' `May' denotes a permissive statute. `Shall' signifies a mandatory directive or command." Grimes v.City of Oklahoma City, 49 P.3d 719, 724 (Okla. 2002). Therefore, an unincorporated trust that is not an LLC is not required to register with the Oklahoma Secretary of State.
As noted before, a review of the statute concerning registration of foreign LLCs comes to the same result. The definition of a foreign LLC clearly states that an "unincorporated association" must also be "organized under a statute pursuant to which an association may be formed that affords to each of its members limited liability with respect to the liabilities of the entity." 18 O.S. 2001, § 2001[18-2001](9)(c). A foreign LLC must be organized under the limited liability company laws of the state in which it was formed for registration in Oklahoma to be required.[6] Thus, in answer to your question as to how a foreign REIT would comply with the requirement to provide an "original certificate" from the foreign jurisdiction under Section 2043 of Title 18, an unincorporated foreign REIT, including a foreign trust, that is not a
foreign limited liability company is not required to register with the Secretary of State and therefore, no certificate is required. See 18 O.S. 2001, § 2043[18-2043](2).[7] *Page 11 
[EDITORS' NOTE: THIS PAGE CONTAINED FOOTNOTES.] *Page 12 
It is, therefore, the official Opinion of the Attorney General that:
 1. A REIT formed as a corporation, whether domestic or foreign, must register with the Oklahoma Secretary of State. 18 O.S. 2001, §§ 1005[18-1005], 1130(B).
 2. A REIT formed as a limited liability company, whether domestic or foreign, must register with the Oklahoma Secretary of State. 18 O.S. 2001Supp.2007, §§ 2001, 2004, 2043.
 3. A REIT formed as a trust but not organized as a corporation or under any limited liability company statutes, whether domestic or foreign, is not required to register with the Oklahoma Secretary of State; therefore, an "original certificate" from the foreign jurisdiction is not required. See 18 O.S. 2001Supp.2007, §§ 2004, 2043, 2054.1(A), 1090.4(A); 54 O.S.Supp. 2007, § 310.2[54-310.2](A).
W. A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
PATRICIA A. PODOLEC ASSISTANT ATTORNEY GENERAL
[1] As described by one treatise:
 Though called a trust — as was originally the required form — a REIT may be a trust, corporation, or association. The organization must be taxable as a corporation except for the application of the REIT provisions. Other formal qualifications require that a REIT:
 • Elect the status of a real estate investment trust.
 • Be managed by one or more trustees or directors.
 • Not be a bank or insurance company.
 • Issue transferable shares or certificates of beneficial interest.
 • Be owned by at least 100 persons during at least 335 days of the year.
 • Have no more than 50% of its stock held by five or fewer persons during the last half of its tax year.
 As a practical matter, a REIT must be a publicly held organization.
7D NICHOLS CYC. LEGAL FORMS § 181:13 **1-2 (West, Westlaw 2007) (footnotes omitted).
[2] The House Report stated:
 Under present law, a real estate investment trust must be an unincorporated trust or unincorporated association. Your committee understands that this requirement has caused operating problems for some REITs under State law. Consequently, the bill generally provides that REITs are to be permitted to operate in corporate form. However, the bill makes clear that banks and insurance companies, which typically are engaged in other nonpassive activities, cannot qualify as REITs under these provisions.
Id.
[3] Title 60, § 175.402 [distribution from trust or estate].
[4] Title 60, § 175.403 [accounting by trustee].
[5] Title 60, § 175.415 [asset-backed securities].
[6] One other statute, dealing with trade names, requires "reporting" to the Secretary of State. Section 1140 of Title 18 states:
 A. A corporation or other business entity doing business in this state under any name other than its legal name shall file a report with the Secretary of State setting forth the legal name of the corporation or business entity, the jurisdiction of organization of the corporation or business entity, [and] the trade name under which the business is carried on. . . .
 . . . .
 B. As used in this section, "business entity" means a corporation, a business trust, a common law trust, a limited liability company, or any unincorporated business, including any form of partnership.
Id. Thus, for purposes of operating under a "trade name," a REIT would be required to file with the Oklahoma Secretary of State.
[7] The pertinent part of this statute reads:
 Before transacting business in this state, a foreign limited liability company shall register with the Office of the Secretary of State. In order to register, a foreign limited liability company shall:
 . . . .
 2. Provide the Secretary of State with an original certificate from the certifying officer of the jurisdiction of the foreign limited liability company's organization attesting to the foreign limited liability company's organization under the laws of such jurisdiction[.]
Id. *Page 1