David Wayne HOLMAN, a minor child By and Through his Guardian Ad Litem, Johnnie L. HOLMAN, and Johnnie L. Holman, Appellants,

v.

Bob WHEELER, Appellee.

Nos. 57052, 56708.

Supreme Court of Oklahoma.

June 21, 1983.

Rehearing Denied Dec. 20, 1983.

Duane A. Woodliff, Henryetta, for appellants.

John G. Moyer, Jr. and Louis C. Pappas, Rosenstein, Fist & Ringold, Tulsa, for appellee.

IRWIN, Justice:

This case involves a tort action against a school superintendent (appellee) who allegedly spanked and beat a 10-year-old student with unnecessary and excessive force while administering school discipline. The issue presented is whether the superintendent is entitled to invoke the provisions of The Political Subdivision Tort Claims Act (51 O.S.1981, §§ 151 et seq.) as a defense.

Appellants made no attempt to comply with the Tort Claims Act. Appellee demurred to the petition on the grounds that the Act was applicable and that appellants' petition was insufficient to state a cause of action because it failed to allege that the written notice of the claim was filed as required by the act.

The trial court sustained appellee's demurrer and dismissed the action. Appellants appealed.

Appellants alleged that appellee's acts were unlawful, outside the scope and course of his employment, and constituted a willful assault and battery upon the minor plaintiff, to which appellants at no time agreed or consented, and which were wholly without cause or justification. Appellants further alleged that the plaintiff child was involved in "a minor scuffling" with another child and that the children's teacher disciplined both children. The petition then alleged:

"That thereafter the Defendant, Bob Wheeler, entered the school building while in a state of alcoholic intoxication, and proceeded to again punish the other child by spanking said child 2 times; and then proceeding in a violent manner, and in a fit of intoxicated rage, proceeded to spank and beat the Plaintiff child, with unnecessary and excessive force; that said child reacted by crying; that said Defendant threatened said child by pointing the paddle at the child's face, and told him to stop crying or said Defendant would hit said child between the eyes with the paddle; that said Plaintiff child was thereafter treated by medical personnel at the Henryetta Clinic for bruises and for pain, anguish, extreme anxiety and nervousness."

Section 153 of the Act provides that each political subdivision of the state shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment or duties subject to the limitation specified. Section 154 specifies the limitations of liability.

Appellee contends he was acting within the scope of his employment when he administered the punishment and that his acts and conduct were within the purview of the Tort Claims Act. He asserts the trial court's decision must be affirmed because appellants failed to give the necessary notice required by the Act.

Appellee argues he was an employee of a political subdivision when the alleged disciplinary action occurred; and that the Tort Claims Act extends to all claims for loss arising from the torts of employees of a political subdivision who are acting within the scope of their employment. Appellee's position is that he was simply administering discipline which is statutorily authorized.

Under 70 O.S.1981, § 6–114 a teacher has the same rights as a parent or guardian to control and discipline a child attending a public school. Section 1–116(1) and (2) includes a superintendent in the definition of "teacher". 21 O.S.1981, § 844, recognizes the right to discipline a child in that any parent or teacher may use ordinary force as a means of discipline, including but not limited to spanking, switching or paddling. However, the right of a parent to control

and discipline his or her child does not give the parent the right to mistreat or abuse the child. 10 O.S.1981, § 9, provides for a civil action for abuse of parental authority. 21 O.S.1981, § 843, provides that any parent or other person who shall willfully or maliciously injure, torture, maim, or use unreasonable force upon a child "shall be punished by imprisonment ... or by fine."

43 A.L.R.2d 469, discusses a teacher's liability for administering disciplinary punishment to pupils. The general rule is stated thusly:

"It is a well-established rule of the law of torts that a teacher is immune from liability for physical punishment, reasonable in degree, administered to a pupil. The teacher is held (and in some jurisdictions is stated by statute) to stand in loco parentis, and to share the parent's right to obtain obedience to reasonable commands by force.

But a teacher's right to use physical punishment is a limited one. His immunity from liability in damages required that the evidence show that the punishment administered was reasonable, and such a showing requires consideration of the nature of the punishment itself, the nature of the pupil's misconduct which gave rise to the punishment, the age and physical condition of the pupil, and the teacher's motive in inflicting the punishment."

■ The Restatement of Torts, Second Edition, § 147(2), states that one other than a parent who has been given by law the function of controlling, training or educating a child, is privileged to apply such reasonable force as he reasonably believes to be necessary for its proper control, training or education. Section 150 lists factors involved in determining the reasonableness of punishment and some of those factors are: (1) the age, sex, and physical and mental condition of the child; (2) the nature of his offense and his apparent motive; (3) whether the force is reasonably necessary and appropriate; and (4) whether it is disproportionate to the offense, unnecessarily degrading, or likely to cause serious or permanent harm.

The above factors are not listed as being exclusive but are factors which may be proper to consider.

See 20, American Jurisprudence—PROOF OF FACTS—Second Series, 20–511—*Teacher's Use of Excessive Corporal Punishment,* which discusses in detail excessive punishment in disciplinary matters.

■ Although officers and employees of governmental agencies, including the State, are protected from tort liability while performing discretionary functions within the scope of their employment, such protection does not render such employees immune from liability for willful and wanton negligence or conduct which places the employees outside the scope of their employment. *Neal v. Donahue,* Okl., 611 P.2d 1125 (1980).

■ To determine the sufficiency of a petition, the general rule is that the demurrer admits the truth of all facts well pleaded together with all inferences which may be reasonably drawn therefrom. But a demurrer does not admit facts which are not pleaded or conclusions of fact or law which are not supported by the allegations of the petition. *Turner v. Rector,* Okl., 544 P.2d 507 (1975). Considering as true all facts well pleaded together with all inferences to be drawn therefrom, we hold that the appellants' allegations in reference to appellee's willful and wanton conduct, place appellee outside the scope of his employment.

■ Governmental immunity did not extend to public officers who acted in a willful or wanton manner when the Tort Claims Act was enacted. *Hazlett v. Board of Comm'rs,* 168 Okl. 290, 32 P.2d 940 (1934). The Tort Claims Act may not be construed to mean that an employee may conduct himself in a willful and wanton manner and retain the immunity from liability that the Tort Claims Act provides. The trial court erred in holding that appel-

lants' tort claims was within the purview of the Tort Claims Act.

JUDGMENT REVERSED.

HODGES, LAVENDER, DOOLIN, OPALA and WILSON, JJ., concur.

SIMMS, V.C.J. and HARGRAVE, J., concur in results.