1999 OK CIV APP 43

**Edwin D. WINTERS and Kathleen C. Winters, Plaintiff/Appellants,**

v.

**Randel L. OVERTON, Defendant/Appellee,**

and

**K.T.E.N. Limited Partnership, an Oklahoma Limited Partnership, Defendant.**

No. 92,185.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 22, 1999.

Certiorari Denied March 30, 1999.

---

Gregory G. Meier, Tulsa, Oklahoma, For Plaintiff/Appellants.

Greg Eldridge, Assistant Attorney General, Oklahoma City, Oklahoma, For Defendant/Appellee.

## MEMORANDUM OPINION

Opinion by CAROL M. HANSEN, Presiding Judge: ·

¶1   Plaintiff/Appellants, Edwin D. Winters and Kathleen C. Winters, seek review of the trial court's order granting the motion to dismiss of Defendant/Appellee, Randel L. Overton, on the grounds he is entitled to immunity under the Governmental Tort Claims Act. The Winters sued Overton and Defendant, K.T.E.N. Limited Partnership (KTEN), a television station, for slander, alleging Overton, "an employee of the Oklahoma State Fire Marshall's office," "made false and defamatory statements that [they] had spread flammable liquids throughout their residence for the purpose of destroying their home by fire." They alleged Overton made these statements in a television interview with a KTEN employee and KTEN broadcast the statement "over the television air waves to the general public." The Winters alleged both Overton and KTEN acted "maliciously, recklessly, and in bad faith."

¶2   Overton moved to dismiss for failure to state a claim upon which relief may be granted, asserting he was immune from suit under the Governmental Tort Claims Act (GTCA), 51 O.S.1991 § 151 et seq., because he was acting in the scope of his employment with the Fire Marshall "at the time of the Accident," and the Winters had provided no notice as required by the GTCA, 51 O.S.Supp.1992 § 156.[1]   The trial court agreed and granted the motion to dismiss. It expressly determined there was no just reason for delay and directed its order was a final appealable order pursuant to 12 O.S.Supp.1995 § 994(A).

¶3   The Winters appeal, contending (1) Overton's acts were outside the scope of his employment and the notice requirements of the GTCA do not apply to a personal action against Overton, and (2) "Overton's conduct constituted performance of discretionary act by a government employee, thereby precluding the notice requirement of the [GTCA]." The Winters' second contention of error appears to reflect a misunderstanding of the GTCA; however, we do not reach that issue

1.   Overton also argued the Winters' claim was barred by the statute of limitations, 12 O.S.Supp. 1996 § 95(4), because their cause of action arose on July 8, 1996 and their petition was filed on July 21, 1998. The Winters responded that their original petition was filed on July 8, 1997. They dismissed it without prejudice on July 23, 1997, and refiled it on July 21, 1998 pursuant to 12 O.S.1991 § 100. The trial court did not address the issue except to state its ruling was based on the other grounds asserted by Overton.

because we reverse the trial court's order based on the first contention of error.

¶ 4 The GTCA provides the "state, its political subdivisions, and all of their employees acting with the scope of their employment" are immune from liability for torts except to the extent waived in the act. 51 O.S.1991 § 152.1. "Scope of employment" is defined as "performance by an employee acting in good faith within the duties of his office or employment or of tasks lawfully assigned by a competent authority...." 51 O.S.Supp.1994 § 152(9). A state or political subdivision employee acting within the scope of his or her employment may not be named as a defendant. 51 O.S.1991 § 163(C). The state or political subdivision is not liable for the tort of an employee acting outside the scope of his or her employment. 51 O.S.1991 § 153(A). The state's liability under the act is "exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise." 51 O.S. 1991 § 153(B).

¶ 5 In reviewing a motion to dismiss, we will take as true all of the allegations in the petition together with all reasonable inferences to be drawn from them. *Indiana Nat. Bank v. State Dept. of Human Services,* 1994 OK 98, 880 P.2d 371, 375. If Overton maliciously, recklessly, and in bad faith made a false statement to a television reporter that the Winters spread flammable liquids throughout their home in order to destroy it by fire, then he is not protected from liability by the GTCA because such conduct would not be in good faith within the duties of his employment. Therefore, the Winters may sue him personally without complying with the GTCA. The trial court's order dismissing the petition is **REVERSED** and this matter is **REMANDED** for further proceedings consistent with this opinion.

1. Because Mr. Wirtz had not alleged a civil rights claim under Federal law, the *Wirtz* Court limited its consideration to a common law tort claim and concluded the 1984 amendment which added subsection B to § 153 effectively abrogated the holding of the Oklahoma Supreme Court in *Holman v. Wheeler,* 1983 OK 72, 677 P.2d 645, that claims against employees who acted outside the scope of their employment were not covered by the GTCA's notice requirements.

JONES, C.J., concurs.

ADAMS, J., concurring specially with separate opinion.

ADAMS, J., concurring specially:

¶ 1 Since 1985, what is now 51 O.S.1991 § 153(B) has said "[t]he liability of the state or political subdivision under [the GTCA] shall be *exclusive and in place of all other* liability of the state, a political subdivision *or employee at common law or otherwise.*" (Emphasis added). In *Wirtz v. Glanz,* 1996 OK CIV APP 125, 932 P.2d 540, another division of this Court, held this provision, first adopted in 1984, meant that individuals making tort claims only against government employees who were alleged to be acting outside the scope their employment must still comply with the notice requirements of the GTCA.[1]

¶ 2 A literal application of the emphasized language may support the conclusion reached in *Wirtz.* This section substitutes the liability provided by the GTCA by the state or political subdivision "in place of all other liability of ... employee at common law or otherwise." Under a literal application, any person who meets the GTCA's definition of "employee" has no liability for their tortious acts.[2] Because that definition is not limited to those individuals who are acting the course of their employment, this same literal application also leads to the absurd result that the Legislature has forever insulated government employees who act outside the scope of their employment, *even if their acts are malicious, corrupt or fraudulent,* from liability for their actions.

¶ 3 Unless we interpret § 153(B) to include a requirement that the employee be acting in the scope of employment in order to take advantage of the GTCA's protection, the Legislature has allowed individuals injured

2. This definition, contained in 51 O.S.1991 § 152(5) includes "any person who is authorized to act in behalf of a political subdivision or the state whether that person is acting on a permanent or temporary basis, with or without being compensated or on a full-time or part-time basis."

by the torts of government employees acting in the scope of their employment to secure compensation from the state or the political subdivision but has denied individuals injured by the malicious, corrupt or fraudulent acts of government employees not only the right to receive compensation from the state or political subdivision but the right to receive compensation from the employee as well. Faced with such an absurd result, we are not required to give literal application to the statutes' words and should give it a reasonable interpretation in accordance with the general legislative purpose. *See Taylor v. Langley*, 188 Okl. 646, 112 P.2d 411 (1941). Section 153(B) does not apply where the employee's acts were outside the scope of his or her employment, and one suing such an employee, alleging the employee was outside the scope of employment, is not required to comply with the GTCA.