2016 OK CIV APP 40

**Georgetta ANDERSON, Administrator of the Estate of Steve Anderson, Plaintiff/Appellant,**

v.

**Daniel MORGAN, M.D., Defendant/Appellee.**

**Case No. 113,619**

Court of Civil Appeals of Oklahoma, **DIVISION III.**

Filed: 11/20/2015

Mandate Issued: 06/27/2016

---

Mike Markey, Wichita Falls, Texas, for Plaintiff/Appellant,

Glen D. Huff, Robert D. Hoisington, Lauren K. Lindsey, Oklahoma City, Oklahoma, for Defendant/Appellee.

Opinion by Bay Mitchell, Presiding Judge:

¶ 1 Plaintiff/Appellant Georgetta Anderson (Anderson) appeals from a summary judgment in favor of Defendant/Appellee Daniel Morgan, M.D. (Dr. Morgan). Anderson claims the trial court erred as a matter of law when it found the Oklahoma Governmental Tort Claims Act (the Act) applied to Anderson's medical negligence lawsuit. After *de novo* review, we affirm.

¶ 2 As the administrator of her husband Steve's estate, Anderson sued Dr. Morgan, alleging medical negligence in the placement of a graft in Steve's arm. Dr. Morgan practiced with a surgical group that had been purchased by the Comanche County Hospital Authority (Hospital) and was an employee of Hospital. Anderson did not name Hospital in the petition or notify Hospital of the lawsuit as required by the Act. Dr. Morgan filed a motion for summary judgment alleging that, due to his employment with Hospital, he was immune from civil liability under the Act and was an improper party to the action. Anderson argued the Act did not apply because Dr. Morgan was not an employee as defined by the Act and, therefore, Dr. Morgan *was* a proper party for suit. The trial court granted Dr. Morgan's motion. Anderson appeals this judgment.

¶ 3 Whether summary judgment was properly entered is a question of law, which we review *de novo*. *Horton v. Hamilton*, 2015 OK 6, ¶ 8, 345 P.3d 357, 360. *De novo* review is a plenary, independent and non-deferential reexamination of the trial court's ruling. *Kluver v. Weatherford Hospital Authority*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084. Summary judgment will be affirmed only if we determine there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Horton*, ¶ 8, 345 P.3d at 360.

¶ 4 As a public trust hospital created to benefit Comanche County, Hospital is a political subdivision.[1] Under the Act, an em-

1. A "political subdivision" is defined, in part, as follows:

[A] public trust where the sole beneficiary or beneficiaries are a city, town, school district or county. For purposes of The Governmental

ployee of the state or a political subdivision cannot be individually sued for actions arising out of the scope of his employment; instead, suit must be brought against the state or political subdivision. *See* 51 O.S. 2011 §§ 153 and 163(C). The key question, then, is whether Dr. Morgan is an "employee" of a political subdivision such that he is immune from liability under the Act. In construing the Act, our fundamental goal is to ascertain and give effect to legislative intent. *Humphries v. Lewis*, 2003 OK 12, ¶ 7, 67 P.3d 333, 335.

¶ 5 Title 51 O.S. Supp. 2008 § 152(6), the statute in effect during Steve's injury, broadly defines "employee" as "any person who is authorized to act in behalf of a political subdivision or the state whether that person is acting on a permanent or temporary basis, with or without being compensated or on a full-time or part-time basis." The statute also provides:

b. For the purpose of The Governmental Tort Claims Act, the following are employees of this state, regardless of the place in this state where duties as employees are performed:

(1) physicians acting in an administrative capacity,

(2) resident physicians and resident interns participating in a graduate medical education program of the University of Oklahoma Health Sciences Center, the College of Osteopathic Medicine of Oklahoma State University, or the Department of Mental Health and Substance Abuse Services,

(3) faculty members and staff of the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University, while engaged in teaching duties,

(4) physicians who practice medicine or act in an administrative capacity as an employee of an agency of the State of Oklahoma,

(5) physicians who provide medical care to inmates pursuant to a contract with the Department of Corrections,

(6) any person who is licensed to practice medicine pursuant to Title 59 of the Oklahoma Statutes, who is under an administrative professional services contract with the Oklahoma Health Care Authority under the auspices of the Oklahoma Health Care Authority Chief Medical Officer, and who is limited to performing administrative duties such as professional guidance for medical reviews, reimbursement rates, service utilization, health care delivery and benefit design for the Oklahoma Health Care Authority, only while acting within the scope of such contract,

(7) licensed medical professionals under contract with city, county, or state entities who provide medical care to inmates or detainees in the custody or control of law enforcement agencies, and

(8) licensed mental health professionals as defined in Sections 1–103 and 5–502 of Title 43A of the Oklahoma Statutes, who are conducting initial examinations of individuals for the purpose of determining whether an individual meets the criteria for emergency detention as part of a contract with the Department of Mental Health and Substance Abuse Services.

. . . .

c. Except as provided in subparagraph b of this paragraph, in no event shall the state be held liable for the tortious conduct of any physician, resident physician or intern while practicing medicine or providing medical treatment to patients[.]

¶ 6 In *Price v. Wolford*, 2006 OK CIV APP 129, 148 P.3d 888, plaintiffs sued several physicians practicing medicine at a public trust county hospital. The court addressed whether the physicians were "employees" immune from liability under the Act. *Price*

Tort Claims Act, a public trust shall include a municipal hospital created pursuant to Section 30–101 et seq. of Title 11 of the Oklahoma Statutes, a county hospital created pursuant to Section 781 et seq. of Title 19 of the Oklahoma Statutes, or is created pursuant to a joint agreement between such governing authorities, that is operated for the public benefit by a

public trust created pursuant to Section 176 et seq. of Title 60 of the Oklahoma Statutes and managed by a governing board appointed or elected by the municipality, county, or both, who exercises control of the hospital, subject to the approval of the governing body of the municipality, county, or both[.]

51 O.S. Supp. 2008 § 152(10)(d).

concluded the defendant physicians could only be immune under the Act if they came within the definition of "employee" in § 152(5)(b)(4),[2,3] Although *Price* acknowledged the hospital was a political subdivision, it further concluded that because the physicians were not employees "of an *agency of the State*" (emphasis added) they had no immunity under the Act.[4]

¶ 7 *Price*, however, overlooked that subsection (b) defines only which physicians are employees of the state and does not address which physicians are employees of a political subdivision. *See* 51 O.S. Supp. 2008 § 152(6)(b) ("For the purpose of The Governmental Tort Claims Act, the following are employees of *this state*....") (emphasis added). Likewise, subsection (c) specifically limits only the state's liability for a physician's tortious conduct. *See id.* § 152(6)(c) ("Except as provided in subparagraph b of this paragraph, in no event shall *the state* be held liable for the tortious conduct of any physician....") (emphasis added).

¶ 8 The Act as a whole distinguishes between "state" and "political subdivision." The terms are separately defined. *See* 51 O.S. Supp. 2008 § 152(10) and (12). Where a statute references only one, the Legislature clearly intended to treat the two differently. *See, e.g.*, 51 O.S. 2011 § 156(C) and (D) (providing that a claim against the state shall be filed with the Office of the Risk Management Administrator of the Department of Central Services, while a claim against a political subdivision shall be filed with the office of the clerk of the governing body). Otherwise, statutes throughout the Act consistently

group the two together, referring to "the state or a political subdivision" or "the state and its political subdivisions." *See, e.g.*, 51 O.S. 2011 §§ 153–160.

¶ 9 The provisions of § 152(6)(b) and (c) could have applied to political subdivisions as well as the state had the Legislature intended, but it did not. *See Patterson v. Beall*, 2000 OK 92, ¶ 24, 19 P.3d 839, 845 ("[T]he maxim 'expressio unius est exclusio alterius,' that the mention of one thing in a statute impliedly excludes another thing, is used to determine legislative intent."). Accordingly, we hold 152(6)(b) does not apply to this case. Dr. Morgan falls into the general definition of "employee," *i.e.*, he is a "person who is authorized to act in behalf of a political subdivision[.]" *See* 51 O.S. Supp. 2008 § 152(6). As an employee of a political subdivision, he could not be individually sued for actions arising out of the scope of his employment. *See* 51 O.S. 2011 §§ 153 and 163(C).

¶ 10 Because Dr. Morgan was entitled to judgment as a matter of law, we find the trial court properly granted Dr. Morgan's motion for summary judgment.

¶ 11. AFFIRMED.

HETHERINGTON, C.J., and JOPLIN, J., concur.

---

2. In *Price*, the relevant 2003 statutory language was found at § 152(5). That language was renumbered in 2008 to § 152(6). Currently, that language is found at § 152(7). The relevant portions of § 152 have not changed since *Price* was decided.

3. "Employee" means any person who is authorized to act in behalf of a political subdivision or the state whether that person is acting on a permanent or temporary basis with or without being compensated or on a full-time or part-time basis.

....

b. For the purpose of The Governmental Tort Claims Act, the following are employees of this state, regardless of the place in this state where duties as employees are performed:

....

(4) physicians who practice medicine or act in an administrative capacity as an employee of an agency of the State of Oklahoma[.]

4. "Agency" is defined in § 152(2) as "any board, commission, committee, department or other instrumentality or entity designated to act in behalf of the state or a political subdivision[.]" *Price* concluded the physicians were not employees of an agency under subsection (b)(4) because the hospital was not "designated to act in behalf of a political subdivision." *Price*, 2006 OK CIV APP 129, ¶ 8, 148 P.3d at 891. In other words, because the hospital was a political subdivision itself, it could not also be an *agency* of a political subdivision.